657 F.2d 270
 81-1 USTC P 9438
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
United States of America, Plaintiff-Appellee
v.
Ernest L. Citron, Defendant-Appellant.
 No. 80-1670.
 United States Court of Appeals, Sixth Circuit.
 April 28, 1981.
 
 Before: EDWARDS & KENNEDY, Circuit Judges, CELEBREZZE, Senior Circuit Judge.
 
 
 1
 Ernest Citron appeals from his conviction by the district court on three counts of willfully attempting to evade federal income taxes in violation of 26 U.S.C. Sec. 7201. At trial the government demonstrated that appellant, an attorney, had intentionally understated his income from legal fees for the years 1970, 1971 and 1972. This was established through the introduction of photocopies of appellant's business records which had been made by an IRS Agent, allegedly with appellant's consent.
 
 
 2
 In 1973, Agent Engelson of the Internal Revenue Service was participating in a tax investigation of Tako Peshkopia, a suspected narcotics trafficker. In the course of the Peshkopia assignment, Engelson learned that Peshkopia was a client of appellant's, and that appellant had purchased a beauty shop from Peshkopia. The beauty shop's records indicated that within a six month period in 1972, sums in excess of $220,000 were deposited in the shop's account, withdrawn, and redeposited in the appellant's law firm account. Suspicious of this activity, Agent Engelson met the appellant at his law office. Engelson informed appellant that he was assigned to audit appellant's tax returns, but did not inform him of the nature of the interest.
 
 
 3
 The audit process proceeded amicably, and appellant provided Engelson with access to the records in the firm. Engelson was hand-copying some of those records, but apparently appellant suggested that the Agent take the records with him and photocopy them. Appellant later asserted that he had only given the Agent permission to take certain check registers, but that Engelson took many records, such as his cash receipts. Engelson made photocopies of all the records, and it was the introduction of those records which appellant asserts constitutes reversible error. Specifically, appellant argues that the records were removed without his consent; that even if consent were given, it was obtained by fraud and deceit; and that even if the consent was legitimately obtained, the entire investigation was in violation of IRS regulations. These contentions are without merit.
 
 
 4
 The district court conducted a hearing after which it concluded that appellant had voluntarily consented to the removal of the records. We see no basis for holding this finding to be clearly erroneous. We must also reject appellant's assertion that his consent was induced by fraud, as our review of the record reveals no affirmative misrepresentations as are required by our decision in United States v. Stribling, 437 F.2d 765 (6th Cir.1971). Finally, even if the audit here was commenced in technical violation of IRS regulations, that procedural irregularity alone does not afford the defendant any right to suppression of the evidence. See United States v. Cacares, 440 U.S. 741 (1979).
 
 
 5
 We have examined the other issues raised by appellant and find them to be without merit. The decision of the district court is affirmed.